MADE JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 10-08752-GW(AGRx) |
| Date | December 2, 2010 |
| Title | *Huzhou Litian International Trading Co., Ltd. v. Joinwide Inc., et al.* |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

PROCEEDINGS (IN CHAMBERS):   COURT ORDER DISMISSING THE ACTION SUA SPONTE FOR LACK OF SUBJECT MATTER JURISDICTION

Initials of Preparer   JG

*__Huzhou Litian International Trading Co., Ltd. v. Joinwide, Inc.__*, Case No. CV-10-8752
Order dismissing the action sua sponte for lack of subject matter jurisdiction

Plaintiff, Huzhou Litian International Trading Co., Ltd., is described in the Complaint as "a company of China." It is suing Defendants Joinwide Inc. ("a New York corporation"), JIF Logistics, Inc. ("a New York Corporation"), Mediterranean Shipping Company ("a Switzerland Company") and China Shipping Corporation ("a China corporation"). See Complaint at paragraphs 1 and 5 through 8. Subject matter jurisdiction is alleged on the basis of diversity of citizenship. Plaintiff writes:

> This Court has original jurisdiction of Plaintiff's claims against Defendants by virtue of 28 U.S.C. § 1332 in that the matter in controversy in this case exceeds the sum of $75,000 and is between Plaintiff, a citizen of China, and Defendants, two citizens of the State of New York of the United States [sic] and one citizen of California.

Complaint ¶ 2. It is apparent from the face of the Complaint, however, that two of the Defendants are, like Plaintiff, aliens.

As the Ninth Circuit wrote in Faysound, Ltd. v. United Coconut Chemicals, Inc., 878 F.2d 290 (9th Cir.1989):

> Our own court has adhered to this rule: "Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants." Cheng v. Boeing Co., 708 F.2d 1406, 1412 (9th Cir.) cert. denied, 464 U.S. 1017, 78 L. Ed. 2d 723, 104 S. Ct. 549 (1983). In Boeing, the presence of citizen defendants did not preserve jurisdiction as to the alien. . . . Where an alien is made co-defendant with a citizen-defendant by an alien plaintiff, Boeing is dispositive: there is no jurisdiction over the alien."

Id. at 294.

It appearing that there is a lack of complete diversity in this case, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.